IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

                Plaintiff,

v.                                             OPINION and ORDER

ELISABETH STOCKBRIDGE, JEFF CANO,            24-cv-140-jdp
KATIE YORK, and KATHERINE SLOMA,

                Defendants.

---

Jeremy Knutson, appearing without counsel, is currently detained at the Shawano County Jail after being charged with various crimes including battery, resisting an officer, disorderly conduct, and bail jumping. Shawano County Case Nos. 2024CF27 and 2024CM33. Knutson brings this civil rights lawsuit for damages and injunctive relief, including dismissal of his criminal cases, alleging that member of the State Public Defender's Office have refused to represent him, leading to a violation of his right to a speedy trial. He also names as a defendant the judge originally assigned to his cases, Katherine Sloma, and contends that she assessed him excessive bail. The court has allowed Knutson to proceed without prepayment of any portion of the filing fee. Dkt. 4.

Knutson has filed an amended complaint, Dkt. 10, that I will consider as the operative pleading. The next step is for me to screen Knutson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even assuming that Knutson

may state federal claims for relief against any of the defendants, I will abstain from exercising jurisdiction over Knutson's claims under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case. Knutson can move to lift the stay after his state-court criminal cases are resolved.

I previously dismissed Knutson's petition for writ of habeas corpus regarding similar issues, in part because Knutson hadn't raised his claims to the state courts first. *Knutson v. Lenzner*, No. 24-cv-126-jdp, 2024 WL 1619350 (W.D. Wis. Apr. 15, 2024). Knutson again asks for release and for dismissal of his criminal cases, which is not a remedy this court can provide him in a civil rights lawsuit. And he can't bring a claim for excessive bail against Judge Sloma, who is immune from suits arising from her official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).

As for his claims that the public defender defendants violated his rights by failing to represent him or otherwise locate counsel for him, a public defender is ordinarily not suable as a party acting "under color of state law," as required to bring a civil rights lawsuit under 42 U.S.C. § 1983. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). But the United States Supreme Court has suggested that a public defender can be a state actor "while performing certain administrative and possibly investigative functions." *Id.* So Knutson might be able to bring speedy trial claims against public defender staff tasked with finding him representation.

Nonetheless, his speedy trial claims are intertwined with his ongoing state-court cases. This is particularly so given that I have already directed Knutson to raise his speedy trial claims to the state courts before I may consider habeas relief. Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44; *Gakuba v. O'Brien*,

2

711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from considering his claims until those proceedings have ended.

I will stay this case. That means that Knutson may move to lift the stay after the conclusion of his state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995).

Knutson has filed a series of motions, including a motion for judgment on the pleadings, Dkt. 6, and a motion for summary judgment, Dkt. 13. Those motions will be denied as premature.

ORDER

IT IS ORDERED that:

1. The court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Jeremy Knutson's state-court proceedings. This case is STAYED.

2. Plaintiff's pending motions are DENIED.

Entered June 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge